FILED'06 MAY 10 10:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID MELBYE,                                    Civ. No. 05-878-AA

        Plaintiff,                    OPINION AND ORDER

    v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

_____

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

1 - OPINION AND ORDER

David R. Johnson
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
     Attorneys for defendant

AIKEN, Judge:

     Plaintiff David Melbye brings suit under 42 U.S.C. §§ 405(g)

and 1383(c)(3) seeking judicial review of a final decision of the

Commissioner denying his applications for Disability Insurance

Benefits (DIB) and Supplemental Security Income (SSI) under Titles

II and XVI of the Social Security Act (the Act).    The

Commissioner's decision is affirmed.

                           **BACKGROUND**

     On November 15, 2001, plaintiff protectively filed his

applications for DIB and SSI.    Tr. 14, 50-52, 304-08.    After

plaintiff's applications were denied initially and on

reconsideration, plaintiff timely requested a hearing before an

administrative law judge (ALJ).    Tr. 28-33, 36-40, 310-14, 316-17.

On September 2, 2004, plaintiff appeared and testified before the

ALJ.    Tr. 321-40.    On December 5, 2004, the ALJ issued a decision

finding plaintiff not disabled within the meaning of the Act.    Tr.

11-19.    On June 9, 2005, the Appeals Council denied review,

rendering the ALJ's decision the final agency decision.    Tr. 6-10.

Plaintiff now seeks judicial review.

     Plaintiff was thirty-six years old at the time of the ALJ's

decision, with a high-school education and past work experience as

2 - OPINION AND ORDER

a janitor and owner/manager of a janitorial business.  Tr. 50, 62, 57, 69-76.  Plaintiff alleges disability since September 2000 due to severe migraine headaches and neck pain.  Tr. 15, 327.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, <u>Waters v. Gardener</u>, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and substantial evidence.  <u>Cequerra v. Sec'y of Health & Human Servs.</u>, 933 F.2d 735, 738 (9th Cir. 1991).  The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  42 U.S.C. § 405(g).

///

3 - OPINION AND ORDER

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person is disabled within the meaning of the Act. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. A claimant bears the burden of proof at steps one through four. At step five, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can do, given the claimant's functional capabilities, age, education, and work experience. <u>Yuckert</u>, 482 U.S. at 141-142; 20 C.F.R. §§ 404.1520(g)(1); 404.1560(c)(2); 416.920(g)(1); 416.960(c)(2).

Here, the ALJ found at step one that plaintiff had engaged in "substantial gainful activity" during the period of alleged disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). Specifically, the ALJ found that plaintiff had rendered significant services to his janitorial business, and that plaintiff had engaged in gainful work activity for profit. Tr. 17-18. Therefore, the ALJ found

4 - OPINION AND ORDER

that plaintiff was not disabled within the meaning of the Act. Plaintiff disputes these findings.

## DISCUSSION

Plaintiff argues that the ALJ erred in finding that his work in running an janitorial business constitutes substantial gainful activity. Plaintiff maintains that the ALJ erred in relying solely on the fact that plaintiff rendered "significant services" to the operation of his business and failed to consider whether plaintiff had received "substantial income" from those services.

Work activity is considered substantial and gainful if it involves significant physical or mental activities and is usually done for pay and profit, even if no profit is realized. 20 C.F.R. §§ 404.1572(a),(b); 416.972(a),(b); <u>Byington v. Chater</u>, 76 F.3d 246, 248 (9th Cir. 1996). Here, the record shows that plaintiff received earnings during the period of alleged disability as an employee and as a self-employed operator of a janitorial service. Tr. 324-25, 131-160.

In evaluating an employee's work activity for substantial gainful activity purposes, the Commissioner's "primary consideration will be the earnings you derive from the work activity. We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings." 20 C.F.R. §§ 404.1574(a)(1); 416.974(a)(1).

Threshold earnings amounts deemed to constitute substantial gainful activity for particular time periods are set forth at 20 C.F.R. §§ 404.1574(b)(2) and 416.974(b)(2).

For the self-employed, the Commissioner "will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed. We will not consider your income alone because the amount of income you actually receive may depend on a number of different factors . . . ." 20 C.F.R. §§ 404.1575(a); 416.975(a). Rather, the following steps are employed to determine whether self-employed individuals have engaged in substantial gainful activity:

> (1) Test One: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. . . .
>
> (2) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.
>
> (3) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

Id. Income is considered "substantial" if it "averages more than the amounts described in § 404.1574(b)(2)" or it "averages less than the amounts described in § 404.1574(b)(2) but it is either

comparable to what it was before you became seriously impaired if we had not considered your earnings or is comparable to that of unimpaired self-employed persons in your community who are in the same or a similar business as their means of livelihood." 20 C.F.R. §§ 404.1575(c)(1),(2) and 416.975(c)(1),(2). Thus, regardless of whether a claimant is an employee or self-employed, the same threshold earnings amounts apply.

In this case, the record reflects that plaintiff's average monthly earnings as an employee exceeded the threshold amount for substantial gainful activity in 1999, 2000, and 2001. Tr. 16-17, 54, 144, 154, 160; 20 C.F.R. §§ 404.1574(b)(2)(i),(ii) and 416.974(b)(2)(i),(ii); 66 Fed. Reg. 54047, 54052 (Oct. 19, 2001). Further, the record shows that plaintiff received earnings from the operation of his janitorial service in excess of the threshold amount in 2003. Tr. 131, 133, 135; 67 Fed. Reg. 65620, 65624-25 (Oct. 18, 2002). Finally, although plaintiff's 2002 earnings were beneath the threshold amount for that year, the ALJ rejected plaintiff's testimony that he worked only eight hours per week with respect to his janitorial business. Tr. 17-18, 137, 141. Instead, the ALJ noted and the record reflects that in 2002 plaintiff claimed to have traveled thousands of miles and purchased supplies for his business similar to those claimed in 2001 and 2003. Tr. 18, 133-34, 139-40, 146. See Byington, 76 F.3d at 250.

Therefore, substantial evidence in the record supports the

ALJ's finding that plaintiff's work as a custodian and operator of a janitorial service constituted substantial gainful activity during the period of alleged disability, thus rendering plaintiff not disabled under the Act.

## CONCLUSION

The ALJ's finding the plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this $\underline{10}$ day of May, 2006.

_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER